## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LESLYN PRICE,

        *Plaintiff*,

vs.

        Case No. 07-1046-EFM

DAVID A. BRIAN, M.D. and
ISSARA AYUTHIA, M.D.,

        *Defendants.*

### MEMORANDUM AND ORDER

Presently before the Court is Defendant Issara Ayuthia, M.D.'s ("Ayuthia") Motion for Summary Judgment (Doc. 81) for all claims asserted against him by Plaintiff Leslyn Price ("Price"). Price has failed to respond to the motion. For the following reasons, the Court grants the motion.

### I. Background

This is a medical negligence action brought by Price against Ayuthia and Defendant David A. Brian ("Brian") in which Price alleges the medical treatment provided by both defendants fell below the applicable standard of care. Specific to Ayuthia, Price claims that Ayuthia misdiagnosed thyroid cancer, which resulted in her undergoing an unnecessary thyroidectomy and radiation therapy, thereby causing her to endure life-long medical issues.

On March 10, 2005, Brian performed an open biopsy of Price's left deep jugular lymph node and delivered the sample to Ayuthia for a pathological evaluation. After evaluating the sample,

-1-

Ayuthia diagnosed metastatic thyroid carcinoma if the sample was from a lymph node.  On March 18, 2005, Price was admitted to Wesley Medical Center in Wichita, Kansas, for a total thyroidectomy, which was performed by Dr. Yoram Leitner, who is not a party in this action. Because no malignancy was found at the time of the surgery, Price claims Ayuthia fell below the standard of care by misdiagnosing cancer in the sample.

On December 28, 2007, Price designated Robert Huebner, M.D. and Matthew E. Beuerlein, M.D. as experts in this case.  Each designated expert subsequently provided their expert report containing their opinions regarding standard of care and causation.  Neither expert report, however, mentions Ayuthia by name or provides an opinion regarding his care in this matter.  Further, both experts acknowledged in their depositions that they do not provide an opinion with regard to Ayuthia in their reports.  Price has not identified any expert witness to provide an opinion on the standard of care or causation with respect to Ayuthia.  Price's expert disclosure deadline was December 28, 2007.

On March 30, 2009, Price filed a Motion to Extend the Deadline to Identify Expert Witnesses,[1] which the Court subsequently denied on May 21, 2009.[2]  Ayuthia filed the instant Motion for Summary Judgment on April 9, 2009.  Price has not filed a response to this motion.

## II.  Standard

The Court is familiar with the standards governing the consideration of Summary Judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1]Doc. 78.  Price filed an Amended Motion on April 1, 2009.

[2]Doc. 84.

material fact and that the moving party is entitled to judgment as a matter of law."[3]  An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[4]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim.[5]  In considering a motion for summary judgment, the Court must examine all of the evidence in a light most favorable to the nonmoving party.[6]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to summary judgment.[7]  The moving party is not required to disprove the nonmoving party's claim or defense, but must only establish that the factual allegations have no legal significance.[8]  If this initial burden is met, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial.[9]  In doing so, the opposing party may not rely on mere allegations or denials in its pleadings, but must present significant admissible probative evidence supporting its allegations.[10]  The Court is also cognizant that it may not make credibility determinations or weigh the evidence when examining the underlying facts of the case.[11]  Where the

---

[3]Fed. R. Civ. P. 56(c).

[4]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

[5]*Id.*

[6]*Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 557 (10th Cir. 2001).

[7]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]*Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

[9]*Celotex*, 477 U.S. at 323.

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[11]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion.[12]

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[13]

### III. Analysis

Ayuthia argues that although Price has alleged in her Complaint "that the medical care rendered by Dr. Ayuthia fell below the applicable standard of care thereby resulting in a misdiagnosis of Plaintiff's condition," she has failed to designate any expert who will provide an opinion as to either the standard of care or causation as related to Ayuthia's evaluation of the biopsy sample and subsequent diagnosis. Because the deadline has long past for her to designate such expert, Ayuthia asserts that Price cannot offer the necessary evidence to sustain this action against him, and accordingly, summary judgment is warranted.

Because Price has failed to respond and controvert any fact set forth in Ayuthia's motion, the Court will accept all stated material facts as admitted.[14] In addition, the Court will consider and decide Ayuthia's motion "as an uncontested motion, and ordinarily will be granted without further notice."[15]

---

[12]D. Kan. R. 56.1(a).

[13]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[14]D. Kan. R. 51(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of opposing party.")

[15]D. Kan. R. 7.4.

"The plaintiff in a medical malpractice case bears the burden of showing not only the doctor's negligence, but that the negligence caused the [plaintiff's] injury."[16]  To sustain this burden of proof, a plaintiff must present qualified medical expert testimony "who must offer their opinion that the involved defendant either did not possess the requisite degree of learning and skill or failed to use reasonable care and diligence in applying such learning and skill to the treatment of the patient."[17] Not only must a plaintiff provide expert testimony on the standard of care, but there must be expert testimony on the issue of causation.[18]  Expert testimony is required because the elements of negligence may never be presumed, and such matters of standard of care and causation, without specialized training, are typically matters outside the knowledge of the average person.[19]  Expert testimony is not required where the standard of care and causation are within the "common knowledge" of laypersons.[20]  But, application of this exception is extremely limited.[21]

Here, Price identified two expert physicians to testify regarding negligence and causation. These two experts, however, opine and will testify as to standard of care and causation only with respect to Brian and not to Ayuthia, demonstrated by the experts' written reports and deposition testimony.  Because Price's request to designate expert witnesses out of time was denied, she is precluded from designating the experts required to satisfy her burden of proof for the claims alleged

---

[16]*Nold v. Binyon*, 272 Kan. 87, 103, 31 P.3d 274, 285 (2001) (quoting *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 307, 756 P.2d 416, 420 (1988)).

[17]*Sharples v. Roberts*, 249 Kan. 286, 295-96, 816 P.2d 390, 397 (1991); *see also Chandler v. Neosho Mem. Hosp.*, 233 Kan. 1, 5, 574 P.2d 136, 139 (1977).

[18]*Sharples*, 249 Kan. at 296, 816 P.2d at 398.

[19]*Nold*, 272 Kan. at 103, 31 P.3d at 285.

[20]*Munoz v. Clark*, 41 Kan. App. 2d 56, 62, 199 P.3d 1283, 1288 (2009)

[21]*Id.*

in her Complaint against Ayuthia.  Therefore, the Court concludes that Price has failed to provide,
and at this point in this litigation, cannot provide, the necessary evidence on standard of care and
causation to maintain this action against Ayuthia.  We also do not find that the standard of care and
causation relating to diagnosing cancer through the pathological review of a biopsy specimen fall
within the "common knowledge" of a layperson so as to negate the need for expert testimony.
Accordingly, we grant Ayuthia's Motion for Summary Judgment on all claims alleged against
Ayuthia in Price's Complaint.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Issara Ayuthia, M.D.'s Motion for
Summary Judgment (Doc. 81) is hereby GRANTED.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE