IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLYN PRICE,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )    Case No. 07-1046-JTM
                                           )
DAVID A. BRIAN, M.D. and                   )
ISSARA AYUTHIA, M.D.,                      )
                                           )
            Defendants.                    )
_____)

# MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to Reopen Discovery (Doc. 100) and the response in opposition filed by Defendant David A. Brian, M.D. (Doc. 102). Having reviewed the submissions of the parties, the Court is prepared to rule.[1]

## BACKGROUND

The procedural background of this case is summarized in the Court's order of May 5, 2009 (Doc. 84), regarding Plaintiff's Motion to Extend Deadline to Identify Expert Witnesses, which is incorporated herein by reference. That Order

---

[1] Under D. Kan. Rule 6.1(d)(1) (effective December 1, 2010), Plaintiff would have 14 days to file a reply. The court has ruled on the motion without waiting for that period because of the short time remaining before trial and the effect of the court's ruling on the parties' trial preparation.

specifically discusses the factual developments regarding changes in Plaintiff's legal representation. Plaintiff brings the present motion seeking an Order reopening discovery for the purpose of deposing Defendant's experts, Dr. Terrance Tsue and Dr. Gary McKee. (*See generally*, Doc. 100.)

It should be noted that pursuant to the Court's Revised Scheduling Order of May 5, 2008, discovery in this case was to have been completed by September 30, 2008.[2] (Doc. 57, at 2; Doc. 93, at 15.) Plaintiff's prior counsel moved to withdraw on October 1, 2008 (Doc. 70), and the Court granted that motion on October 14, 2009 (Doc. 71, text entry). Current counsel for Plaintiff, Scott Mann, entered his appearance on March 2, 2009 – approximately five months after the close of discovery, but 11 months before the present motion was filed. (Doc. 76.)

The Pretrial Conference Order was entered in this matter on November 17, 2009, and specifically indicated that "[d]iscovery is complete." (Doc. 93, at 15.) The Order continues, however, that

> [u]nopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for

---

[2] Plaintiff's motion indicates discovery closed on September 8, 2008. (Doc. 100, at ¶ 1.) Regardless, it is uncontested that discovery in this case closed some 16 months before Plaintiff filed the present motion.

> completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.

(*Id*., at 16 (emphasis added).) It is undisputed that the parties are not in agreement to conduct the requested discovery. (*See* Docs. 100, 102.)

## DISCUSSION

Plaintiff's motion to reopen discovery to take expert depositions relies on the provisions of D. Kan. Rule 26.1. (Doc. 100, at 1.) That rule merely states that in most cases, discovery is to be completed within four months, but it also provides that the court, for good cause shown, may provide for shorter or longer periods of discovery. That local rule does not, however, contemplate the specific situation in this case where the motion to reopen discovery is made after the discovery cutoff which was set in a scheduling order. Instead, it would seem that Fed. R. Civ. P. 16(b)(4) is more applicable. That section provides that a scheduling order may be modified only for "good cause:"

> The 'good cause' standard primarily considers the diligence of the party seeking the amendment. ***Tschantz***, 160 F.R.D. at 571 (citations omitted). The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. ***Pfeiffer v. Eagle Mfg. Co.***, 137 F.R.D. 352, 355 (D.Kan. 1991); Fed.R.Civ.P. 16 advisory committee note to 1983 Amendment. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

3

> relief." *Johnson*, 975 F.2d at 609 (citations omitted).
> The lack of prejudice to the nonmovant does not show
> "good cause." (Citations omitted). The party seeking an
> extension is normally expected to show good faith on its
> part and some reasonable basis for not meeting the
> deadlines. *Putnam v. Morris*, 833 F.2d 903, 905 (10th
> Cir. 1987).

*Deghand v. WalMart Stores, Inc.*, 904 F.Supp. 1218, 1220 (D.Kan. 1995).[3] In deciding whether there is good cause to reopen discovery, this court has suggested consideration of several factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Harding v. Goodyear Tire & Rubber*

---

[3] It could be argued that a motion to reopen discovery after the discovery deadline has run is governed by D. Kan. Rule 6.1 which covers motions for extensions of time. That rule "provides that an extension of time will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." *Howard v. TMW Enterprises, Inc*., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998) (emphasis added). The court believes, however, that Rule 16(b)(4) is the proper rule for consideration of motions to reopen discovery after the discovery deadline set in a scheduling order has past. However, even if the court were to apply D. Kan. Rule 6.1 in this case, the result would not be different. The Court has previously refused to find "excusable neglect" in this case in connection with a request by Plaintiff to extend the deadline to identify expert witnesses. (Doc. 84.) The reasoning set out in that previous order would also lead to a finding that Plaintiff cannot show excusable neglect in connection with the delay in filing the present motion.

*Co.*, 170 F.R.D. 477 (D.Kan. 1997)(citing *Sil-Flo, Inc., SFHC, Inc.*, 917 F.2d 1507; quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Plaintiff argues that "[d]ue to former plaintiff's counsel's withdrawal and attendant personal matters affecting his ability to practice, defendant's experts . . . were never deposed before the close of discovery." (Doc. 100, at ¶ 4.) The Court acknowledges that current counsel did not enter his appearance until more than five months after the close of discovery. (Doc. 76.) Considering the problems relating to Plaintiff's prior attorney and his withdrawal, this might have established good cause to reopen discovery had that request been made shortly after the entry of new counsel. Plaintiff's motion, however, offers no discussion as to why the present motion was not filed for eleven months after counsel's entry in the case, and after the pretrial conference (which stated that discovery was complete).

Considering the factors outlined in *Harding v. Goodyear Tire & Rubber Co.*, it appears that most of those factors argue against reopening discovery: trial is imminent (March 8, 2010), the request is opposed, the opposing party claims that it will be prejudiced by requiring additional depositions during the time need to prepare for trial,[4] and finally, the need for these expert depositions clearly could

---

[4] The parties are already planning to take the evidentiary depositions of two witnesses, located in Liberty, Missouri, and Houston, Texas, prior to trial. This further limits the amount of time available to depose Defendant's experts. (Doc. 102, at 3.)

have been forseeable several months ago. The length and effect of Plaintiff's delay clearly weighs against her request.[5] The Court is, therefore, compelled to **DENY** Plaintiff's Motion (Doc. 100).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Reopen Discovery (Doc. 100) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 12th day of February, 2010.

>   s/ Donald W. Bostwick
> DONALD W. BOSTWICK
> United States Magistrate Judge

---

[5] The court also finds that Plaintiff will not be prejudiced by the failure to obtain the depositions of Defendant's two experts. Those experts have rendered the necessary disclosures required by Fed. R. Civ. P. 26(a)(2), *see* Doc. 65, and they will not be allowed to testify to opinions not specifically set out in their expert reports.