# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LESLYN PRICE,                             )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )    Case No. 07-1046-JTM
                                          )
DAVID A. BRIAN, M.D. and                  )
ISSARA AYUTHIA, M.D.,                     )
                                          )
                        Defendants.       )
                                          )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend/Correct Pretrial Order (Doc. 121), and Defendant's Response (Doc. 125.) Having reviewed the submissions of the parties, the Court is prepared to rule.[1]

## BACKGROUND

The early procedural background of this case is summarized in the Court's order of May 5, 2009 (Doc. 84), regarding Plaintiff's Motion to Extend Deadline to Identify Expert Witnesses, which is incorporated herein by reference. Since that time, the parties have submitted a proposed pretrial order in compliance with the

---

[1] Under D. Kan. Rule 6.1(d)(1) (effective December 1, 2010), Plaintiff would have 14 days to file a reply. The court has ruled on the motion without waiting for that period because of the need to resolve this matter prior to the finalization of instructions in the trial which is currently in process.

Court's Final Scheduling Order. *See* Doc. 88. After review of the proposed order, the court notified the parties of some minor additions to the order, and that the case would be set for trial before the Honorable Eric F. Melgren on June 22, 2010. The court indicated that the proposed order complied with the court's standard form and unless either counsel thought an actual pretrial conference was necessary, the court would simply enter the order with the minor changes it had indicated. Neither counsel thought an actual conference was necessary, and the Pretrial Order was filed the same day. (Doc. 93.) The Court did not modify or amend any substantive portions of the parties' proposed pretrial order or their contentions or theories of recovery.

Thereafter, Plaintiff filed a motion to continue the trial date (Doc. 94), and shortly thereafter the parties consented to trial before the undersigned magistrate judge. (Doc. 95.) A status conference was held on January 12, 2010, at which time the court proposed a trial date of March 8, 2010 to counsel to accommodate their trial calendars and the availability of their expert witnesses. (Doc. 97.) After being advised that this date was acceptable to all counsel, the court entered its Trial Management Order. (Doc. 98.) That order set a February 8, 2010 deadline for the filing of any *in limine* motions and proposed jury instructions, February 22, 2010 for responses and objections, and an *in limine* hearing date of March 2, 2010.

2

(Doc. 98.)

Plaintiff included in her proposed jury instructions an instruction on her contentions and theories of recovery. (Doc. 105, at 9.) This instruction varied from the contentions as set out by Plaintiff in the Pretrial Order, and Defendant objected to the instruction, noting that some of the paragraphs were re-worded, while other paragraphs were completely new. (Doc. 113, at 14 n. 5.)

The *in limine* conference was held on March 2, 2010, at which time the court considered the motions and responses filed by both parties. (Doc. 118.) The court deferred any ruling on proposed jury instructions and objections until trial.

On Wednesday, March 3, 2010, Plaintiff filed the present motion to amend the pretrial order "in order to harmonize the wording used in the contentions in the Pretrial Order with Plaintiff's Proposed Jury Instructions." (Doc. 121, at 1.) On Friday, March 5, 2010, Defendant filed his objections to any amendment of the pretrial order setting out basically the same objections he had made to Plaintiff's proposed jury instruction on contentions and theories. (Doc. 123.)

On the morning of trial, and before jury selection began, the court took up the motion. Plaintiff suggested that the motion could be deferred until the instruction conference and Defendant did not object to that proposal.

During opening statement, Plaintiff's counsel stated at least three times that

Defendant had diagnosed (and mis-diagnosed) Plaintiff as having cancer. This was one of the newly stated contentions which Plaintiff had included in the motion to modify the pretrial order. *See* Doc. 121 at 4, ¶¶ g & h. Previously, the contention in the pretrial order stated that Defendant erroneously notified the pathologist, Dr. Ayuthia, that the biopsied tissue was lymph node, not thyroid, "leading the Dr. Ayuthia to conclude that the sample evidenced thyroid cancer." (Doc. 121 at 3, ¶ d. Nothing in the Plaintiff's contentions set out separately in the pretrial order referenced Defendant having diagnosed cancer. Similar discussion occurred during Plaintiff's direct examination of Dr. Brian who was called as Plaintiff's first witness at trial. Defendant did not object to these remarks in either Plaintiff's opening statement or examination of Dr. Brian.

## STANDARDS FOR AMENDMENT OF PRETRIAL ORDERS

Fed. R. Civ. P. 16(e) provides that a pretrial order can be modified "only to prevent manifest injustice." It is the moving party's burden to establish the grounds for a finding that modification of the pretrial order is necessary to prevent manifest injustice, and this has been described as a heavy burden. Eads ex rel. Eads v. Unified School Dist. No. 289, Franklin County, Kan. 184 F.Supp.2d 1122, 1129 -1131 (D.Kan. 2002) (*citing* Koch v. Koch Industries, Inc. 203 F.3d 1202, 1222 (10th Cir. 2000); Barvick v. Cisneros 953 F.Supp. 341, 343 -345

(D.Kan.,1997).

The Tenth Circuit has noted that there are two divergent approaches that must be considered in connection with any amendment of a pretrial order: (1) the evils of an "inflexible application" of a pretrial order; and (2) the important policy of narrowing issues to facilitate an efficient trial and to avoid surprise. Koch v. Koch Industries, Inc. 203 F.3d 1202, 1220 -1221 (10th Cir. 2000) (*citing* Cleverock Energy Corp. v. Trepel, 609 F.2d 1358, 1361-62 (10th Cir.1979). Therefore, the Tenth Circuit has set out several factors that a court should consider in order to reach a balance between these two divergent approaches: (1) prejudice or surprise to the opposing party; (2) ability of the opposing party to cure any prejudice; (3) disruption occurring because of inclusion of any new issue; and (4) bad faith by the moving party. Also the court is to consider the timeliness of the motion. Davey v. Lockheed Martin Corp. 301 F.3d 1204, 1208 -1212 (10th Cir. 2002) (*citing* Koch, 203 F.3d at 1222-23); Palace Exploration Co. v. Petroleum Development Co. 316 F.3d 1110, 1116 -1118 (10th Cir.,2003) (*citing* Koch, 203 F.3d at 1222).

In applying these factors, where a Pretrial Order is properly drawn, with relative specificity and definitiveness, and when the moving party has had ample opportunity to refine the order, a district court is not required to afford the moving party overly-generous leeway in her construction of her claims. *See* Koch, 203

F.3d at 1221. On the other hand, while proper pretrial orders are indeed powerful, "even at their best they should be 'liberally construed to cover any of the legal or factual theories that might be embraced by their language.'" *See* <u>Trujillo v. Uniroyal Corp.</u>, 608 F.2d 815, 818 (10th Cir. 1979) (*quoting* <u>Rodrigues v. Ripley Industries, Inc.</u>, 507 F.2d 782, 787 (1st Cir.1974)); <u>Theno v. Tonganoxie Unified School Dist. No. 464</u> 394 F.Supp.2d 1299, 1303 -1304 (D.Kan. 2005) (*citing* <u>Koch,</u> 203 F.3d at 1220).

## APPLICATION OF THESE FACTORS IN THIS CASE

Defendant is correct in noting that Plaintiff really does not set out any specific reason why the amendments she has proposed should be granted in order to avoid manifest injustice. Under the circumstances of this case, however, the court does not believe that it can merely end its consideration of the motion without considering the additional factors outlined by the Tenth Circuit.[2]

---

[2] Plaintiff's motion is somewhat perfunctory in nature, but that may be understandable under the circumstances. It appears to the court that the parties had been engaged in last minute discussions concerning several modifications to the pretrial order. Prior to filing her motion, Plaintiff had received a letter from Defendant's counsel by email transmission indicating that Defendant wished to make two corrections to its contentions: (1) to remove any issue of mitigation of damages and (2) to remove any contention that the subsequent thyroidectomy and radiation treatment were done without any input from Defendant. Plaintiff responded that she did not object to this requested amendment. At the same time, Plaintiff filed her motion to amend the pretrial order. Plaintiff's first request for amendment was to increase the damage amount in the pretrial order due to receipt of additional bills, and Defendant responded that he had no objection to that portion of the motion. *See* Doc. 125, at 1.

## 1.    *Prejudice or surprise to Defendant.*

There is really no specific allegation of prejudice to Defendant in the

opposition to the motion to amend other than the statement that the motion was

filed only two business before trial.  The morning of trial, the court asked

Defendant about any prejudice or surprise resulting from the proposed new

contentions.  Counsel candidly stated that Defendant was not particularly surprised

by these new contentions, but still claimed prejudice.  All that could be identified

was that Plaintiff's expert, Dr. Matthew Beuerlein, had already given a trial

deposition and Defendant did not have any chance to cross-examine him on these

new contentions.  However, Defendant did not identify any specific areas of

inquiry they would necessarily pursue with Dr. Beuerlein in order to fully explore

these new contentions.[3]

## 2.    *Ability to cure any prejudice*

Defendant has not specifically stated that if the motion is granted to allow

the revised contentions that he needs to take additional depositions or conduct

other discovery in order to avoid the alleged prejudice he has claimed.  Moreover,

---

[3] Plaintiff pointed out that on February 5, 2010, she had submitted her proposed jury instructions which contained the same revised contentions that are now the subject of this motion.  Dr. Matthew Beuerlein's trial deposition was not taken until February 25, 2010, therefore Defendant had the opportunity to follow up as to any of these new contentions at the time the deposition was taken.

Defendant did not request a continuance of the trial in order to conduct additional

discovery in the event the court should grant the motion to amend. Finally, having

now heard a substantial portion of the testimony of the various medical experts and

medical treaters during trial, including all of the experts and medical treaters called

by Plaintiff, whether in person or though deposition testimony, the court cannot

identify any areas of questioning which would cause Defendant to seek additional

discovery in order to avoid any alleged prejudice. It appears that the case has been

fully discovered by Defendant and that Defendant was fully prepared to address all

of the issues raised with these witnesses.

     3.     *Disruption of proceedings caused by the new contentions*

The court in <u>Davey</u> appears to conclude that if a motion to amend a pretrial

order is made before trial in the case begins, by definition there is no disruption of

the trial itself, although there may be disruption to other cases on the court's

docket. <u>Davey</u>, 301 F.3d at 1208. Here, while the trial itself would not be

disrupted *per se,* there would be disruption if Defendant truly could show the need

for additional discovery since the jury had already been called to report and would

have wasted their time in reporting. Also, since this case is already three years old,

any further continuances would disrupt the orderly case management of this case.

However, because Defendant has not adequately shown prejudice that would

require additional discovery, the issue of any disruption appears to be moot.

### 4.     *Bad faith of Plaintiff*

There has been no allegation that Plaintiff has acted in bad faith other than the fact that Plaintiff allegedly knew all facts necessary to make the currently requested contentions at the time the pretrial order was prepared in November 2009, but failed to fully state her contentions. The court does not consider this to rise to the level of "bad faith."

Finally, as to the question of timeliness, the court agrees that the March 3, 2010, motion to amend was filed "on the eve of trial." Plaintiff must have known that she wanted to revise her contentions by the time she submitted her proposed "contention" jury instruction on February 5, 2010. (Doc. 105, at 9.) She was also aware by February 22, 2010, that Defendant viewed her contentions as being at variance with the language in the pretrial order. (Doc. 113, at 14, n. 5.) Yet no motion was filed until the eve of trial. Also, as noted by Defendant, there is no contention that Plaintiff obtained any newly discovered information after the pretrial order was drafted in November 2009 that would have caused the change in the contentions proposed by Plaintiff in the motion. Plaintiff does not dispute this statement and does not point out any new information that may have triggered her desire to amend her contentions.

Considering all the circumstances in this case, the court concludes that the

motion to amend the pretrial order was not filed in a timely manner.  This,

however, is still not the end of the court's inquiry because the Tenth Circuit has

previously concluded that amendments may be allowed even when the motion is

not filed in a timely manner.  *See* <u>Davey,</u> 301 F.3d at 1212:

> While the untimeliness of LMC's motion weighs against
> LMC, the other factors weigh in favor of allowing LMC
> to amend the pretrial order to assert its defense to
> punitive damages. We conclude the district court abused
> its discretion in not allowing LMC to assert its defense
> and vacate the jury's punitive damage award and remand
> for new trial limited to the issue of punitive damages.

Thus, even though the motion in this case may be untimely, the court views the

lack of surprise and lack of prejudice to Defendant as overriding any difficulty

caused by the late filing.

In discussing the newly proposed contentions, Defendant argues that some

contentions are merely reworded, while other contentions are completely new in

substance.  The lack of surprise is particularly evident as to those contentions

which the court views as merely rewording of the language in the pretrial order

without any substantial variation in the substantive meaning of the contention.  In

the court's opinion, the newly stated contentions identified as paragraphs a & b of

the motion are merely re-wording of the prior contentions.  *Cf.* Doc. 121, at 4 ¶¶ a

& b *with*   Doc. 93, at 11, ¶¶ b & c.[4]  Similarly, the newly stated paragraph c is

substantially similar to the first part of contention d in the pretrial order.  *Cf.* Doc.

121, at 4 ¶ d *with* Doc. 93, at 11 ¶ d.  Finally, the newly stated paragraph e is very

similar, but not as specific, as contention e in the pretrial order.  *Cf.* Doc. 121, at 4

¶ e *with* Doc. 93, at 11 ¶ e.

The court agrees with Defendant, however, that the newly stated contentions

found in paragraphs d, f, g, h, and i were substantially new and not contained in the

contentions section of the pretrial order in the form now stated in the motion.

However, some of these paragraphs could be considered to be a refinement of

Plaintiff's earlier pretrial order contention that Defendant was negligent by

"[O]rdering a complete thyroidectomy despite the negative thyroid scan without

first taking additional steps to rule out thyroid cancer."  (Doc. 93, at 11 ¶ f.)  Thus,

the newly stated contention that Defendant "fail[ed] to consult with the pathologist

concerning the diagnosis of thyroid cancer" (Doc. 121, at 4 ¶ d), could be

construed as one of the additional steps that was not taken.  Again, as to these

changes, the court can see no real prejudice to Defendant, particularly considering

the testimony which has been presented at trial.

---

[4]  It should be noted that Plaintiff seeks to remove one contention that was stated in
the pretrial order which deals with issues concerning reflux disease. *See* Doc. 93, at 11 ¶
a.  Defendant stated no objection to the removal of this contention in their brief opposing
modification of the pretrial order.

This leaves the newly stated contentions that Defendant was negligent in filing to recommend or conduct additional diagnostic studies before diagnosing Plaintiff with thyroid cancer, in diagnosing Plaintiff with thyroid cancer, in advising Plaintiff that she had thyroid cancer, and in referring Plaintiff to another surgeon for a thyroidectomy. (Doc. 121 at 4, ¶¶ f, g, h, and i.) The contentions about Defendant diagnosing Plaintiff with cancer are at odds with Plaintiff's prior contention that Defendant's representations to the pathologist, Dr. Ayuthia, that the biopsied tissue was lymph node, not thyroid, led "Dr. Ayuthia to conclude that the sample evidenced thyroid cancer." (Doc. 93, at 11 ¶ d.) It could be read that this contention is effectively stating that Dr. Ayuthia "diagnosed" Plaintiff as having thyroid cancer. However, in the text of Plaintiff's contentions in the pretrial order, the statement is made that Plaintiff underwent certain treatment "based upon Dr. Brian's original diagnosis of thyroid cancer." (Doc. 93 at 10.)

The parties have spent a considerable amount of time in trial focusing on who should be considered to have made the actual "diagnosis" of cancer. It appears to the court from hearing these questions, that all parties were well aware of this issue prior to trial, and that they have been able to effectively address this issue through testimony without the need for any additional discovery. This confirms Defendant's admission that they were not really "surprised" by Plaintiff's

request to modify the contentions portion of the pretrial order. In effect, the parties have now tried these issues without objection, and the motion in effect may be considered as one to conform the pretrial order to the testimony at trial. *See* Fed. R. Civ. P. 15(b) ("The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."); Monod v. Futura, Inc., 415 F.2d 1170, 1173-74 (10th Cir. 1969).

After considering all the facts and circumstances in this case, the court concludes that the motion to amend the pretrial order should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend/Correct Pretrial Order (Doc. 121) is hereby GRANTED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 10th day of March, 2010.

       s/ DONALD W. BOSTWICK
       DONALD W. BOSTWICK
       United States Magistrate Judge